The opinion of the Court was delivered by
Wardlaw, A. J.
The count alleges that the defendant is indebted to the plaintiff in the sum of seventy-three dollars, for principal and interest, by a contract under seal, a copy of which is exhibited; and this copy shows an instrument of writing, such as is usually called a single bill, dated January 1st, 1846, whereby Simril the defendant and Walker promised, on or before the first of January, 1847, to pay to the plaintiff; administrator, thirty-one dollars, for the hire of a negro woman, named Matilda; and agreed to furnish said negro woman with certain clothing, which is specified, pay the taxes and physician-bills for the year, *36 and return her on Christmas after the date; on it was a credit of eighty cents, July 8, 1847, signed by the plaintiff.
It was proved that the negro was hired to Simril, and that the two other obligors were sureties; and from the testimony of the defendant, who was .examined by the plaintiff, it appeared, that at'the time of hiring all the parties lived in Chester, that the defendant removed to Marlboro’ the year afterwards, that Simril was a tailor, left Chester in ’52 or ’58, and is now dead; that Walker kept a tavern, and is also dead — that plaintiff and defendant were friends, the defendant has often been in Chester for several days, has frequently seen the plaintiff) and that the plaintiff never said to the defendant any thing about the note, but the defendant, being always in good circumstances, heard nothing about the note until he was sued.
The appeal relies on the Statute of Limitations and the presumption of payment.
The form of the count, condensed as is usual in the summary process jurisdiction, is suitable to the action of debt, and could not be adapted to the action of covenant without much implication and straining. The Statute of 3 & 4 Ann. ch. 9, does not extend to instruments without seal in the form of promissory notes, which contain engagements for any thing besides the payment of money; and if in analogy to this the action of debt on instruments under seal was also confined to those which stipulate for the payment of money and nothing else, then the count might be considered to be in covenant, and the Statute of Limitations would be a bar to the action. For our Statute of Limitations 1712, (2 Stat. 585,) departing from the English Statute, (27 Jac. ch. 16, § 3,) puts actions of covenant on the same footing as actions of assumpsit, and adds the words, "reserved by indenture” in respect to actions of debt “ grounded upon any lending on contract without specialty and all actions of debt for arrearages of rent reserved by *37 indentured But tbe action of debt lies for any fixed sura of money, even although the agreement may have been for other things to be performed as well as the payment of money — a familiar example of which is debt founded on a lease, which besides the promise of rent contains covenants to repair and do other specified acts. There may be no good reason for the distinction which is made by the Statute of Limitations, between specialties and writings without seal, but the Court cannot add to the provisions of the statute; and the reasons for the distinction in this instance may be as substantial as those which in this age sustain other great differences between a paper with a seal and one without.
Only three months were wanting to complete the full period of twenty years from the maturity of the single bill in this case to the commencement of this suit. The want of this short term, however, prevents the application of an arbitrary rule, just as the want of a single day would prevent the bar of the Statute of Limitations. Pull twenty years is the time which the law, mostly from consideration of policy, has fixed for the basis of the artificial presumption which it raises independent of belief. Time short of this, when connected with other circumstances, may create a natural presumption by producing honest belief; but the circumstances in this case, however strong in themselves and fit to aggrieve the defendant, did not produce the belief of payment in the mind of the Circuit Judge, and we cannot say that they do in our minds. They raise doubts — they suggest the probability of accounts expected, perhaps actually subsisting, between the plaintiff and one or both of the other obligors, but the burden of proof is on the defendant —it is not enough for him to raise doubts, he must produce belief of payment and not of discounts. That he acknowledges that he has not himself paid is unimportant, for the suggestion is of payment by one of the *38 obligors in tbe neighborhood of the plaintiff whilst he himself, at a distance, was disregarded. The plaintiff has possession of the-single bill, and this circumstance must be overcome by something upon which the honest belief of its having been paid may be rested.
The motion is dismissed.
Dünkin, C. J., and Inglis, A. J., concurred.

Motion dismissed.